IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:25-CR-120-Z |
| DAMIAN GALINDO HUERTA | |

## FACTUAL RESUME

In support of Damian Galindo Huerta's plea of guilty to the offense in Count Two of the indictment, Huerta, the defendant, Felipe Zavala, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Two of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), that is, Possession with Intent to Distribute 100 Grams or More of Heroin, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly possessed a controlled substance;

*Second.* That the substance was in fact heroin;

*Third.* That the defendant possessed the substance with the intent to distribute it; and

*Fourth:* That the quantity of the substance was at least 100 grams.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024).

**Damian Galindo Huerta**
**Factual Resume—Page 1**

## STIPULATED FACTS

1. Damian Galindo Huerta admits and agrees that on or about October 28, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i).

2. On October 28, 2025, the Amarillo Police Department conducted an interdiction operation at the Greyhound bus terminal located at 400 S. Monroe, Amarillo, Texas. An APD officer had his drug-detecting canine conduct a free air sniff of the luggage compartment of the Greyhound bus when it was at the maintenance barn. The drug-detecting canine alerted to the odor of narcotics coming from a grey and black duffle bag. The officer then conducted a probable cause search of the bag and located three bundles of suspected narcotics. The officer then placed the duffle bag back in the luggage area in its original location.

3. Drug Enforcement Administration agents responded to the scene to assist with the investigation. Then the Greyhound bus was taken back to the passenger terminal, and the passengers were instructed to get their luggage from the bus. Agents observed Huerta remove the grey and black duffle bag that contained the three bundles of suspected narcotics from the bus. Officers then placed Huerta into custody.

4. Agents *mirandized* Huerta and interviewed him after he was arrested. Huerta admitted that the narcotics came from Mexico. Huerta admitted that he picked up

the bundles of narcotics in Nogales, Arizona and he was transporting them to New Orleans, Louisiana. Huerta stated he was going to be paid $10,000 for transporting the narcotics.

5. The three bundles of suspected narcotics were sent to the DEA South Central Laboratory. On December 2, 2025, the DEA South Central Laboratory confirmed that the substance in one bundle was in fact heroin, a Schedule I controlled substance, with a net weight of 1,008.2 grams and with a purity level of approximately 49 percent. On December 31, 2025, the DEA South Central Laboratory confirmed that the substance in the other two bundles was in fact fentanyl, a Schedule II controlled substance, with a net weight of 2,006 grams and with a purity level of approximately 36 percent. This quantity of heroin and fentanyl indicates that it was intended for further distribution and not the defendant's personal use.

6. Huerta admits that he knowingly possessed with intent to distribute 100 grams or more of heroin, a Schedule I controlled substance.

7. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Two of the indictment.

AGREED TO AND STIPULATED on this 4th day of February, 2026.

_____
Damian Galindo Huerta
Defendant

_____
Felipe Zavala
Attorney for Defendant

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
JOSHUA FRAUSTO
Assistant United States Attorney
Attorney-in-Charge
Texas State Bar Number 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: joshua.frausto@usdoj.gov